IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHNATHAN CLAY HELAIRE, a/k/a PHILLIP JACKSON, a/k/a JOHNATHAN CLAY KIZZEE, SPN #01025830, | § § § § § | |
| Plaintiff, | § § | Civil Action No. H-20-3011 |
| v. | § § | |
| MARILYN BURGESS, *et al.*, | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Harris County pretrial detainee Johnathan Clay Helaire, proceeding *pro se* and *in forma pauperis*, filed this section 1983 lawsuit against Harris County District Clerk Marilyn Burgess, the grand jury foreman of the 248th District Court of Harris County, Texas, and Harris County assistant district attorney "J.L."

Having screened the complaint as required by sections 1915 and 1915A, the Court **DISMISSES** this lawsuit for the reasons shown below.

### I. BACKGROUND AND CLAIMS

Plaintiff is a Harris County pretrial detainee awaiting trial on felony murder charges. *State v. Helaire*, Cause No. 1654168 in the 248th District Court of Harris County, Texas. He complains that defendant Burgess "en-acted [*sic*] state seal to govern indictment without full nature of proper acquisition," and that the grand jury foreman "was never in session with

delegate Marilyn Burgess to rightfully indict the plaintiff on February 11, 2020 and did under sworn oath testify to the State and public." (Docket Entry No. 1, p. 3.) He further claims that assistant district attorney J.L. "did not rightfully offer justice to the accused and violated due process." *Id.* Plaintiff's over-arching complaint is that the defendants denied him due process by indicting him for murder after he told them he had shot the complainant in self defense.

As judicial relief, plaintiff states, "I am asking for at the mercy of the Harris County Judicial System and civil practice to accompany [me] with adequate representation and my right to pursuit liberty." *Id.*, p. 4.

## II. ANALYSIS

### A. Sections 1915, 1915A

Because plaintiff is a pretrial detainee seeking redress from an officer or employee of a governmental entity, his complaint is subject to initial screening pursuant to 28 U.S.C. § 1915A. Because he proceeds *in forma pauperis*, his complaint is also subject to screening under section 1915(e)(2). Sections 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Under section 1915(e)(2)(B)(i), the Court may dismiss an *in forma pauperis* complaint as frivolous when it lacks an arguable basis in law or fact. *Hutchins v. McDaniels*, 512 F.3d

193, 195 (5th Cir. 2007). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).

To state a viable claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

B. <u>Harris County District Clerk</u>

Plaintiff names as a defendant Harris County District Clerk Marilyn Burgess. He complains that she affixed a seal to his indictment without first ascertaining the true facts, and that she did not attended the grand jury proceedings.

Plaintiff's allegations raise no issue of a federal constitutional dimension. The indictment in his criminal case was duly signed by the grand jury foreman and file stamped by a deputy clerk of the Harris County District Clerk's Office. *See* TEX. CODE CRIM. PROC. Art. 20.21 ("When the indictment is ready to be presented, the grand jury shall through their foreman, deliver the indictment to the judge or clerk of the court."). The file stamp verified that the indictment was delivered to the Harris County District Clerk's Office on February 11, 2020. The stamp did not represent defendant Burgess's verification of any facts alleged in the indictment or her physical presence at the grand jury proceedings.

Plaintiff's factual allegations against defendant Burgess fail to state a claim upon which relief may be granted under section 1983, and his claims against her are dismissed.

C.   Assistant District Attorney

Plaintiff also names as a defendant Harris County assistant district attorney J.L. Plaintiff complains of actions taken by J.L. in the filing and pursuit of a criminal prosecution against him, particularly after he told J.L. that he had acted in self defense.

It is well established that prosecutors are entitled to absolute immunity from civil rights claims for actions taken in the scope of their duties in initiating a prosecution and presenting the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976); *see also Beck v. Tex. State Bd. of Dental Examiners*, 204 F.3d 629, 634 n.2 (5th Cir. 2000) ("As to prosecutors, entitlement [to immunity] flows from performance of activities that are intimately associated with the judicial process, such as initiating and prosecuting a criminal case."). A prosecutor is entitled to absolute immunity for his action in commencing a prosecution and all actions during the course and scope of the prosecution, even against charges that he acted "maliciously, wantonly, or negligently." *Bibb v. Montgomery Cnty. Sheriff*, C.A. No. H-13-3736, 2014 WL 3828232, at *8 (S.D. Tex. July 30, 2014).

Because J.L. is entitled to immunity for the decisions and actions taken during his criminal prosecution of plaintiff, plaintiff's claims against him have no legal basis and must be dismissed as frivolous. *See McPherson v. Curry*, 253 F.3d 706, 2001 WL 498681, at *1 (5th Cir. 2001) (unpublished).

D. <u>Grand Jury Foreman</u>

Plaintiff names as an additional defendant the grand jury foreman in his criminal case. A grand jury foreman is entitled to absolute immunity as to actions taken in commencement or furtherance of a criminal prosecution. *See Walker v. Skeen*, 31 F. App'x 155, 2001 WL 1748354, at *1 (5th Cir. 2001) ("Walker's claims against the prosecutor and the grand jury foreman were properly dismissed based on absolute immunity because he is challenging acts performed in connection with his indictment and prosecution."). Plaintiff's claims against the grand jury foreman in his criminal case are dismissed as legally frivolous predicated on absolute immunity.

### III. CONCLUSION

This lawsuit is **DISMISSED WITHOUT PREJUDICE** for failure to state a viable claim for relief under section 1983, and as barred by immunity. Any and all pending motions are **DISMISSED AS MOOT**. This dismissal constitutes a "strike" under section 1915(g).

The Clerk is to provide a copy of this order to plaintiff and to the United States District Court for the Southern District of Texas, Houston Division, Attention: Three-Strikes List Manager, at the following email: Three_Strikes@txs.uscourts.gov.

Signed at Houston, Texas, on this the 25th day of September, 2020.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE